THE STATE v. MORAN.

SAME v. WARREN.

Criminal law: EVIDENCE OF ACCOMPLICE. A conviction cannot be had on the testimony of an accomplice, unless corroborated by such other evidence as in itself tends to connect the defendant with the commission of the offense. Rev., § 4102. The evidence claimed to be corroborative, held insufficient in the present case.

*Appeal from Polk District Court.*

THURSDAY, JULY 25.

DEFENDANTS were jointly indicted for burglary, and, upon separate trials, each were convicted. They prosecute separately these appeals to this court, which were heard and submitted together.

*James Embree* for the appellants.

*M. E. Cutts,* attorney-general, for the State.

BECK, Ch. J. — These cases involve substantially the same facts, and are determined upon the same question of law. For this reason they are considered and decided together.

The conviction in each case was upon the evidence of an accomplice, which implicated defendants in the crime for which they were jointly indicted. This evidence was direct and positive, and if sufficiently corroborated, as required by Revision, section 4102, would support the verdict. This statute is in the words following, viz. : ,"A conviction cannot be had upon the testimony of an accomplice, unless he be corroborated by such other evidence as shall tend to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof."

In our opinion, there was an utter failure of such evidence in corroboration of the accomplice, as tended to connect the defendants with the commission of the offense. Most of the acts and declarations of the defendants, introduced for that purpose, rather tend in the other direction, if they have any significance at all ; others, relied upon by the prosecution, were quite as consistent with defendant's

innocence as their guilt, and this is about all that can be said of them. The only evidence that, in our opinion, can be claimed to possess the character contemplated by the statute cited, is this: The accomplice and the defendants, after their arrest, were, by the officers, brought together. The defendants were then charged by the accomplice with the crime, and he stated the circumstances of its commission. Both of the defendants denied the statements of the accomplice. Afterward, while being conducted to prison, one of them observed that the accomplice had told "a pretty straight story;" the other, in the language of of the witness, "gave him a hunch." We are of the opinion that this evidence cannot, with reason, be regarded as sufficiently corroborating the accomplice in connecting defendants with this crime, to authorize their conviction. These facts, without other circumstances, are quite as consistent with the theory of innocence as of guilt. The verdict should have been set aside and a new trial allowed defendants.

The judgments of the district court is reversed, and the causes are remanded.

Reversed.